LEVY H. and AGNES M. DAVENPORT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davenport v. Commissioner
Docket No. 8800-73
United States Tax Court
T.C. Memo 1977-34; 1977 Tax Ct. Memo LEXIS 407; 36 T.C.M. (CCH) 154; T.C.M. (RIA) 770034; February 8, 1977. *407 Held, The debt in issue was a nonbusiness bad debt. Held further, Petitioners' rental expense deduction is denied. Held further, Petitioners did not own the aircraft at issue and their claimed depreciation deduction and investment credit with respect thereto are denied. Held further, Petitioners' wholly owned corporation made certain loan payments and petitioners are not entitled to an interest paid deduction. Levy H. Davenport, pro se. Robert J. Percy, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1970 in the amount of $932.18. The issues for decision are: (1) whether, in connection with loans that became uncollectible in 1970, petitioners are entitled to a business or a nonbusiness bad debt deduction; (2) whether petitioners have substantiated an employee business expense in the amount of $1,500; (3) whether petitioners had a depreciable interest in a Super Skymaster aircraft so as to entitle them to depreciation deductions and an investment credit with respect thereto; and (4) whether petitioners are entitled to an interest deduction for payments *408 made on the loan used to finance the purchase of the Super Skymaster aircraft. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Levy H. and Agnes M. Davenport, husband and wife, resided in Bethel Park, Pennsylvania at the time they filed their petition herein. Petitioners filed a joint Federal income tax return for the calendar year 1970 on the cash method of accounting with the Philadelphia Service Center, Philadelphia, Pennsylvania. Hereinafter petitioner will refer to Levy H. Davenport. On February 20, 1969 petitioners, by personal check, advanced $1,250 to Ure Cleaners, Inc. (hereinafter Ure). On April 18, 1969 petitioners, by personal check, advanced $2,800 to Ure. During 1970 Ure went out of business and these loans became uncollectible. Petitioners were neither employed nor connected with Ure apart from the aforenoted loans. They were to, but did not receive, in consideration for the loans, stock in Ure. During 1970 petitioners were not in the business of making loans. Petitioners on their joint return for 1970 deducted *409 $4,050 as an ordinary loss. Respondent determined that the loss was the result of the worthlessness of a nonbusiness bad debt and limited the claimed deduction to $1,000. On their 1970 return petitioners claimed a deduction in the amount of $1,500 as an employee business expense incurred for the rental of an office. Respondent in his notice of deficiency disallowed the claimed deduction. Runway 5 Aviation, Inc. (hereinafter Runway), a Pennsylvania corporation, was incorporated by William J. Miller (hereinafter Miller). Petitioners transferred to or on behalf of Runway cash in the amount of $9,736.12 and a Mooney Aircraft valued at $10,550. In return they received 20,000 shares of Runway on April 6, 1968. On June 26, 1968 Runway purchased a Super Skymaster aircraft from the Graz Co. at a cost of $45,000. [1] *410 Runway financed the acquisition with a loan in the amount of $45,000 from Western Pennsylvania National Bank (WPNB), currently doing business under the name of Equibank N.A. This loan was personally guaranteed by Miller and by petitioner. Runway made six payments on the aforementioned loan as follows: Check No.
Payee
Amount
Date
709
WPNB
$956.25
8/5/68
766
WPNB
$956.25
8/27/68
883
WPNB
$956.25
10/5/68
978
WPNB
$956.25
10/28/68
1085
WPNB
$956.25
12/3/68
1156
WPNB
$956.25
12/20/68 Petitioners' wholly owned corporation, Davenport, Inc., made nine payments on the aforementioned loan as follows: Amount
Date
$975.38
2/5/69
$975.38
2/28/69
956.25
5/25/69
956.25
6/23/69
956.25
9/26/69
956.25
10/29/69
956.25
2/5/70
956.25
3/10/70
956.25
6/3/70 The construction company owned by Louis Ruscitto made six payments on the loans as follows: Amount
Date
$ 956.25
3/31/69
$ 956.25
4/29/69
1,912.56 [2]
9/2/69
956.25
12/3/69
956.25
1/9/70 Ruscitto used the aircraft in his construction business and deducted the payments as a business expense. On August 1, 1970 Runway transferred the Super Skymaster to McCullum Aviation, Inc. From the time of the acquisition to the time of the transfer Runway insured and maintained the aircraft, reported all income generated from the leasing thereof, and deducted maintenance and insurance expenses incurred with respect thereto. Runway depreciated the Super Skymaster *411 on its corporate income tax return for its fiscal year ended September 30, 1968, but did not take any depreciation deductions with respect thereto for the fiscal years ended September 30, 1969 and 1970. In 1969 petitioner commenced a shareholder's action praying for the dissolution of Runway. In settlement thereof petitioners relinquished their 20,000 shares in Runway and received therefor cash in the amount of $10,000 and a judgment note from William J. Miller, Francis Miller, and Runway in the face amount of $8,000. Settlement occurred in 1969. In connection with the suit Ruscitto transferred his 5,000 shares of stock in Runway to petitioners. In return petitioner assigned the aforenoted note to Ruscitto who filed suit on the note on February 25, 1970. In their amended petition, petitioners claim the following: (1) an investment credit for acquisition of the Super Skymaster; (2) an interest deduction for payments made by Davenport, Inc. in 1970 on the loan from WPNB; and (3) a depreciation deduction with respect to the Super Skymaster. OPINION Issue 1. Character of the Bad Debt.
Section 166(a), [3] I.R.C. 1954, provides for the deduction of any debt which becomes worthless *412 within the taxable year. Section 166(d)[4] *413 circumscribes the scope of subsection (a) providing that a loss resulting from the worthlessness of a nonbusiness bad debt is to be treated as a loss from the sale or exchange of a capital asset held for not more than 6 months. The parties agree that petitioners' advances to Ure became worthless during the year in issue. Their dispute centers upon whether the debt in question was a business debt thereby entitling petitioners to deduct the full amount of the loss or was a nonbusiness debt thereby limiting the deduction to $1,000. [5] Section 1211(b). The characterization of a particular debt is a question of fact to be answered from an examination of the relationship which the debt bears to the taxpayer's trade or business. Section 1.166-5(b) [6] *415 , Income Tax Regs. If that relationship is a proximate one the debt qualifies as a business debt. United States v. Generes,405 U.S. 93 (1972). Petitioners bear the burden of demonstrating that the requisite relationship existed either at the time the loan was made or at the time the debt became worthless. United States v. Generes, supra,Rule 142(a), Tax Court Rules of Practice and Procedure. *414 We hold that petitioners have failed to make the required showing. The record indicates that petitioner was involved in varying capacities (as either an investor, employee, or both) in various enterprises. Among those were real estate dealings, and dealings in airplanes. Nowhere in the record however does there appear evidence that connects the loan to Ure (with which petitioners had no other connection) with any of the other enterprises in which petitioners were involved. [7] Further, it is clear that petitioners were neither in the business of lending money nor promoting corporations to be sold for profit. Absent a connecting link tying the loan to a trade or business of petitioners respondent's determination on this issue must be sustained. Issue 2. Substantiation of Employee Business Expense.
On their 1970 return petitioners *416 deducted $1,500 as expense for the rental of an office. Respondent disallowed the deduction. On brief petitioners allege that this amount was expended in connection with real estate activities. Unfortunately for petitioners, and despite the warnings of the Court, there is no evidence in the record to support the deduction under any theory, including the one advanced on brief for the first time. Hence, respondent's determination is, in this respect, sustained. Welch v. Helvering,290 U.S. 111 (1933). Issue 3. Depreciation and Investment Credit
By way of amended petition, petitioners claim entitlement to a depreciation deduction and an investment credit with respect to the Super Skymaster aircraft. It is their position that they received the plane as part of the settlement of the lawsuit against Miller and Runway, that they then leased it back to Runway in return for maintenance and upon condition that Runway make the plane available to them when necessary. Respondent maintains that Runway was the owner of the Super Skymaster at all relevant times and that petitioners are without a depreciation interest in the plane. Although the evidence on this issue is somewhat conflicting *417 we find for respondent. Petitioners' evidence on this point consists of (1) a letter from Miller to respondent stating that Runway had transferred the Super Skymaster to petitioner; (2) an insurance policy on the Super Skymaster that listed petitioner as an interested party; and (3) petitioner's testimony. Respondent points to the fact that Runway and not petitioner transferred the aircraft to McCullum Aviation, Inc. in 1970; that Runway maintained and insured the aircraft from the time it was purchased until its transfer in 1970. We find respondent's evidence far more convincing. In particular we note the absence in the settlement documents of any reference to the Super Skymaster and that petitioner has failed to provide us with any documentary evidence showing the purported transfer to petitioner and retransfer to Runway prior to the 1970 sale. Moreover, even assuming petitioners owned the Super Skymaster, their claims must nevertheless be denied. A precondition to the allowance of a deduction for depreciation is that the property be held either for use in the taxpayer's trade or business or for the production of income. Section 167(a). [8] In the instant case it was not so *418 held. By petitioner's own admission he "leased" the plane back to Runway simply for Runway's obligation to house and maintain the plane and to ready it should petitioner desire to use it. It cannot be gainsaid that petitioners did not hold the Super Skymaster for use in their trade or business or for the production of income and are therefore not entitled to depreciation deductions thereon.Since, in their hands the plane was not property subject to an allowance for depreciation their claim for an investment credit is also denied. Section 48(a)(1). [9] *419 Issue 4. Interest Deduction.
By way of amended petition petitioners claim a deduction under section 163(a) [10] for interest paid on the loan used to finance the acquisition of the Super Skymaster. It is undisputed that the loan payments were made not by petitioners byt by Davenport, Inc. Since petitioners did not make the interest payments they are entitled to no deduction therefor. In this connection petitioner contends that, although the loan payments were made by Davenport, Inc., the corporation withheld the amount of these payments from his salary. The net effect he urges is no different than had the salary payments been made and had he then made *420 the loan payments to WPNB. In support of this contention he points to the records of Davenport, Inc. which show amounts due officer for compensation. We find no merit in this contention. While the books do show that amounts were owed petitioner by Davenport, Inc., as loan payments were made by the corporation such amounts were not cancelled. Hence, petitioners' contention is simply not supported by the evidence in the record. Decision will be entered for the Respondent. Footnotes
1. The purchase order indicates that Runway traded in the Mooney aircraft in addition to the cash involved. However the Mooney aircraftwas in fact sold directly by Runway to Louis Ruscitto.
2. This amount represents two payments.↩
3. SEC. 166(a). General Rule. --(1) Wholly worthless debts. -- There shall be allowed as a deduction any debt which becomes worthless within the taxable year. (2) Partially worthless debts. --When satisfied that a debt is recoverable only in part, the Secretary or his delegate may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. ↩
4. SEC. 166(d). Nonbusiness Debts. --(1) General Rule. --In the case of a taxpayer other than a corporation-- (A) subsections (a) and (c) shall not apply to any nonbusiness debt; and (B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. (2) Nonbusiness debt defined. --For purposes of paragraph (1), the term "nonbusiness debt" means a debt other than-- (A) a debt created or acquired (as the case may be) in connection with a trade or business of the taxpayer; or (B) a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.↩
5. Petitioners reported no gains from the sale or exhange of capital assets on their 1970 return.↩
6. Sec. 1.166-5(b). Nonbusiness debt defined. For purposes of section 166 and this section, a nonbusiness debt is any debt other than-- (1) A debt which is created, or acquired, in the course of a trade or business of the taxpayer, determined without regard to the relationship of the debt to a trade or business of the taxpayer at the time when the debt becomes worthless; or (2) A debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business. The question whether a debt is a nonbusiness debt is a question of fact in each particular case. The determination of whether the loss on a debt's becoming worthless has been incurred in a trade or business of the taxpayer shall, for this purpose, be made in substantially the same manner for determining whether a loss has been incurred in a trade or business for purposes of section 165(c)(1). For purposes of subparagraph (2) of this paragraph, the character of the debt is to be determined by the relation which the loss resulting from the debt's becoming worthless bears to the trade or business of the taxpayer. If that relation is a proximate one in the conduct of a trade or business in which the taxpayer is engaged at the time the debt becomes worthless, the debt comes within the exception provided by that subparagraph. * *
7. Therefore we find it unnecessary to decide whether petitioners in fact were engaged in a trade or business distinct from that carried on by the corporations of which they were stockholders. Whipple v. Commissioner,373 U.S. 193↩ (1963).
8. SEC. 167. DEPRECIATION. (a) General Rule. --There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)-- (1) of property used in the trade or business, or (2) of property held for the production of income. ↩
9. SEC. 48. DEFINITIONS: SPECIAL RULES. (a) Section 38 Property. -- (1) In general. --Except as provided in this subsection, the term "section 38 property" means-- (A) tangible personal property, or * * * Such term includes only property with respect to which depreciation (or amortization in lieu of depreciation) is allowable and having a useful life (determined as of the time such property is placed in service) of 3 years or more. We also note that petitioners' contentions with respect to the investment credit must fail for the additional reasons that petitioners, according to their own argument, did not acquire the Super Skymaster in 1970 and the investment credit provisions were not in effect for that year.↩
10. SEC. 163. INTEREST. (a) General Rule. --There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.↩